Per Cur.

The general rule is clearly as the defendant’s counsel have laid it down. If the plaintiff, when he shipped the flour, knew that the vessel belonged to Pintard, it is equivalent to the defendant’s declaring his principal at the time of shipment, and no action in such a case would lie against the factor. [Vid. 3 Vez. 33.]
If the plaintiff did not place his reliance on the owner or captain of the vessel, he should have required a personal engagement from the consignees; but not having done so, his remedy is against the two former, and not against the latter, *410 whom he only knew in the capacity of factors. The conjoining the sale of the’defendant’s goods in the same advertisement with the freight of the Molly, proves nothing; since we all know that such things are customary in trade, to save ex-pence. We therefore think the present suit not sustainable.
Cited in 65 Pa., 259, in support of the decision that in an action of tort, the defendants may defend as being agents of a corporation and doing nothing outside of the duties of their employment.
Mr. Heatly^ra quer.
Messrs. Wilcocks and Rawle pro def.
The jury gave a verdict for the defendant without leaving the bar.